UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

VERMONT MUTUAL INSURANCE
COMPANY,

          Plaintiff,

  - against -

SAAED MOSLEM and COUNTRY
WIDE HOME LOANS,

          Defendants.

------------------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

07 CIV 7962 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

      Vermont Mutual Insurance Company ("Vermont Mutual") seeks an order rescinding the homeowner insurance policy it issued to Defendant Saaed Moslem (the "policy"). Plaintiff asserts that Moslem made material misrepresentations in his application for the policy, each of which constitutes an independent basis for rescission. Vermont Mutual now moves for summary judgment. For the reasons set forth below, Vermont Mutual's motion is granted in its entirety.

## II.    BACKGROUND[1]

Familiarity with the facts underlying this action is assumed. Nonetheless, I provide a brief summary. In June, 2005, Moslem purchased a single family home at 2276 Route 302 in Middletown, New York (the "Property"). At the time of the purchase, he insured the Property with a policy from Foremost Insurance Company. On January 6, 2006, Moslem listed the Property for sale but continued to live in the house. In early June, 2006, with the Foremost policy about to expire, Moslem engaged Douglas Parietti, an insurance broker, from the agency of Parietti & McGuire, to provide a quote for a homeowner's policy covering the Property.

Parietti used information he obtained from Moslem to complete an application for insurance with Vermont Mutual. On June 14, 2006, Parietti met with Moslem to review the application for the policy. The final application, dated that day, represented that Moslem was the owner of the house, that he occupied the premises daily, that the house was to be used as a primary dwelling, and that the house was not for sale. It also noted that the house was a new purchase, and that any questions about prior policies were therefore inapplicable. The application

---

[1]    All facts are drawn from this Court's prior decision in the third-party action *Moslem v. Parietti & McGuire Ins. Co.*, No. 07 Civ. 7962, 2011 WL 721653, at *1-*3 (S.D.N.Y. Feb. 24, 2011).

-2-

contained a warning that insurance benefits may be denied upon the submission of false information, and required applicants to specifically attest that they had read the application in its entirety and believed the information contained therein to be complete and correct. Moslem signed the application without asking Parietti to make any changes to the document. On June 22, 2006, Vermont Mutual approved the policy for the period from June 22, 2006 through June 22, 2007.

Moslem vacated the Property sometime in the first half of 2006 and began leasing it in July without informing anyone at Vermont Mutual. On October 8, 2006, the Property was destroyed by fire. Moslem subsequently filed a claim for property damage under the policy but was denied coverage by letter dated September 12, 2007, which advised him that "due to material misrepresentations in his application for insurance the homeowner's policy was void *ab initio*."[2] Specifically, during the course of its investigation into the fire, Vermont Mutual discovered the following inaccuracies in Moslem's application: (1) "at the time of the Homeowner's Application, the Premises was a new purchase;" (2) "there was no prior insurance, and thus no prior policy number;" (3) "Moslem has no other

---

[2] Third-Party Defendants' Rule 56.1 Statement of Undisputed Facts ¶¶ 32-33; Third-Party Plaintiff's Rule 56.1 Counter-Statement of Undisputed Facts ¶¶ 32-33.

-3-

residence owned, occupied or rented;" and (4) "the Premises were not for sale."[3] Vermont Mutual found that these representations "were material to the risk to be insured since, had Vermont Mutual known the true state of facts, it would have led to a refusal by Vermont Mutual to issue the policy."[4]

## III. APPLICABLE LAW

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] "'An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law.'"[6] "[T]he burden of demonstrating that no material fact exists lies with the moving party . . . ."[7] In determining whether a genuine issue of material fact exists, the court must

---

[3] Complaint, Ex. A to Third Party Complaint ¶ 9.

[4] *Id.* ¶ 16.

[5] Fed. R. Civ. P. 56(c).

[6] *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)).

[7] *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008).

"constru[e] the evidence in the light most favorable to the non-moving party and draw all reasonable inferences" in that party's favor.[8]

**B.     Rescission**

Under New York Law, "'to establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material when the insurer would not have issued the policy had it known the facts misrepresented.'"[9] "Materiality is usually a question of fact for the jury. However, 'where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine.'"[10] "'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that

---

[8]     *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

[9]     *Varshavskaya v. Metropolitan Life Ins. Co.*, 890 N.Y.S.2d 643, 644 (2d Dep't 2009) ) (quoting *Zilkha v. Mutual Life Ins. Co. of New York*, 732 N.Y.S. 2d 51, 52 (2d Dep't 2001). *See also* N.Y.S. Ins. Law § 3105(b) ("No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such a contract.").

[10]    *Berger v. Manhattan Life Ins. Co.*, 805 F. Supp. 1097, 1102 (S.D.N.Y. 1992) (quoting *Process Plants Corp. v. Beneficial Life Ins. Co.*, 385 N.Y.S. 2d 308, 310-11 (1st Dep't 1976)).

it would not have issued the same policy if the correct information had been disclosed in the application."'[11]

## IV. DISCUSSION

This Court has already determined that "Vermont Mutual was not obligated to compensate Moslem for the damage incurred by the fire."[12] The policy may be rescinded independent of that decision because there is documentary evidence that Moslem's misrepresentations were material to its issuance. Vermont Mutual's Homeowners Policy Program Manual (the "Manual") lists eligibility requirements for applicants and properties for homeowners policies – "[p]rimary and secondary homes with more than 90 days cumulative rental are not eligible for coverage."[13] Under the heading "Eligibility," the Manual reads "a Homeowners Policy may be issued . . . [t]o the owner-occupant(s) of a dwelling which is used exclusively for private residential purposes."[14] The Manual does not list owners who lease the dwelling to others among its classes of eligible applicants.

---

[11] *Varshavskaya*, 890 N.Y.S. 2d at 644 (quoting *Schirmer v. Penkert*, 840 N.Y.S. 2d 796, 799 (2d Dep't 2007)).

[12] *Moslem v. Parietti & McGuire Ins. Co.*, 2011 WL 721653, at *3.

[13] New York Homeowners Manual of Vermont Mutual Insurance Company, docket #53 at 5.

[14] *Id.* at 6.

Moslem stated in his application for the policy that he, the owner of the house, occupied the house on the Property. This was a misrepresentation of fact that induced Vermont Mutual to approve a policy it would not have otherwise issued. Moslem had or was about to vacate the premises and began leasing it almost immediately after the application was submitted. The misrepresentation was material as a matter of law, and Plaintiff's motion for summary judgment is granted.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the policy is rescinded. The Clerk of the Court is directed to close this motion [docket #50] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 14, 2011

- **Appearances** -

**For Plaintiff:**

James W. Borkowski, Esq.
445 Hamilton Avenue, 15th Floor
White Plains, NY 10601
(914) 946-4777

**Defendant (Pro Se):**

Saaed Moslem
P.O. Box 344
Central Valley, NY 10917
(845) 590-2019